# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> MARK NICHOLAS COBB, <br><br> Defendant. | No. 20-mj-2015-DPR |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

The United States of America, through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. §§ 3142 (e)(3)(E), (f)(1)(A), (f)(2)(A), and (f)(2)(B). At this hearing, the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves an offense involving a minor or a crime of violence as defined in 18 U.S.C. § 3156(a)(4)(C), which includes the offenses of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). 18 U.S.C. § 3142(E)(3)(E) and (f)(1)(A).

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

   a. When there is a serious risk that the defendant will flee; or,

   b. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A) and (B).

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves the receipt and distribution of child pornography. Further, there is a serious risk that the defendant's release will present a substantial risk to the community.

4. The crimes alleged in the Complaint requires the Court to consider a rebuttable presumption that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. 18 U.S.C. § 3142(e)(3)(E).

5. Moreover, the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

6. The Government is aware of the following evidence:

   a. In relation to the nature and circumstances of the offense charged, on January 28, 2019, a complaint was filed charging the defendant with sexual exploitation of a minor.

   b. In relation to the weight of the evidence supporting the charge in the Complaint, this case came to the attention of law enforcement after law enforcement received multiple CyberTips from the National Center for Missing and Exploited Children (NCMEC). In the first CyberTip 24304646, on September 16, 2017, C.M. contacted the NCMEC to report that a nine-year-old minor male had been contacted by an adult male, "Mark," who was later identified to be the defendant, through an Android phone application, "Secretchattalktostrangers," a communication and social media application. C.M. reported that he had discovered the chats, and the defendant sent the minor pornography, requested pictures from the minor, and talked about meeting the minor. On March 5, 2019, CyberTip 47300917 was initiated by Facebook after they discovered a Facebook Messenger chat session involving the defendant's Facebook account where the defendant had uploaded child pornography. Upon discovering the file, Facebook notified NCMEC. On December 17, 2019, Google initiated CyberTip 61308664 with NCMEC after Google had discovered a file containing child pornography stored on their servers in the defendant's Google Photos account. On February 25, 2020, Homeland Security Investigations (HSI) and Southwest Missouri Cyber Crimes Task Force (SMCCTF) Officer Brian Martin and other members of the SMCCTF, HSI, and TCSO executed a search warrant at the defendant's residence. In a post-*Miranda* interview with TFO Martin, Cobb admitted to receiving and distributing child pornography through the use of the Internet and his cellular phone, a Motorola E5.

When asked specifically about the chat messages in CyberTip 24304646, Cobb said he could not specifically recall those chats, but he admitted he had been chatting with minors on the Internet. During a forensic preview of the Motorola E5 cellular phone, law enforcement located images of child pornography and images depicting Cobb, nude and laying on his bed with two minor males, who are identified to be five and six years old. Cobb is masturbating in these images while lying next to the minors.

c. In relation to the history and characteristics of the defendant, the defendant has multiple prior felony convictions for possession of controlled substances. Additionally, on December 8, 2019, the Missouri Children's Division received a report involving a six-year-old male residing at Cobb's residence. TCSO Deputy Robert Stirewalt was dispatched that day to check on the well-being of the child. Deputy Stirewalt arrived at the residence and spoke with Cobb. When advised the reason for the contact concerned possible sexual abuse involving the child, Cobb told the deputy that on Friday morning, while attempting to wake the child, he accidentally grabbed the child's "privates," and that he apologized to the child.

**WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By  */s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney
Missouri Bar No. 57711
901 St. Louis Street, Ste. 500
Springfield, Missouri 65802

4

## *CERTIFICATE OF SERVICE*

      The undersigned hereby certifies that a copy of the foregoing was delivered on February 27, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                      */s/ Ami Harshad Miller*
                                      Ami Harshad Miller
                                      Assistant United States Attorney

5

Case 6:20-cr-03035-RK   Document 6   Filed 02/27/20   Page 5 of 5